IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RUBEN PEREZ, | § | |
| (TDCJ No. 490335) | § | |
| VS. | § | CIVIL ACTION NO.4:07-CV-623-Y |
| | § | |
| | § | |
| DEE ANDERSON, Sheriff, | § | |
| Tarrant County, Texas, et al. | § | |

OPINION and ORDER OF DISMISSAL UNDER 28 U.S.C. §§
1915A(B) and UNDER 28 U.S.C. §§ 1915(e)(2)(B)

This case is before the Court for review of pro-se inmate and plaintiff Ruben Perez's case under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). In this case, due to the incomplete nature of Perez's initial pleadings, the Court directed him to file an amended complaint, and advised him that it would look only to the amended complaint in reviewing his claims. Thus, the live pleading subject to screening is the June 3, 2008, amended complaint. In the amended complaint, Perez names defendant Dee Anderson, Sheriff, Tarrant County, Texas, and several other officers and officials with the Tarrant County jail. (Amend Compl. § IV(B).) He named the defendants in both an individual and personal capacity. (Amend Compl. § V, attachment at 5.)

Perez alleges that while he was housed at the Tarrant County jail as a pre-trial detainee, he was the victim of an inmate assault by two convicted felons or known gang members. (Amend Compl. § V, attachment at 1-2.) He contends that several defendants failed to protect him by failing to separate known gang members apart from pre-trial detainees. (Amend Compl. § V, attachment at 2.) Perez

also alleges that he was denied adequate medical treatment and pain medication, that he was subjected to unsafe and unsanitary housing, and was placed in solitary confinement without sufficient cause. (Amend Compl. § V, attachment 3-5.)  Perez seeks compensatory and punitive damages.  (Amend Compl. § VI, attachment page.)

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[1] Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.[2] Furthermore, as a part of the PLRA, Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing.[3] Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[4] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal

---

[1] *Neitzke v. Williams*, 490 U.S. 319,328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and (B)(West 2006).

[2] *See* 28 U.S.C.A. § 1915(e)(2)(West 2006); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

[3] *See* 28 U.S.C.A. § 1915A(a)(West 2006).

[4] *See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

theory."[5] After review of the complaint under these standards, the Court concludes that Perez's claims must be dismissed.

Perez has named the government defendants in an official capacity. But a suit against a government official in an official capacity is essentially a suit against the government entity.[6] To the extent Perez's reference to official capacity is an effort to maintain suit against Tarrant County, although a county is a "person" within the meaning of § 1983, it may not be held liable "unless action pursuant to official municipal policy of some nature caused a constitutional tort."[7] The Supreme Court, in *Monell v. New York City Department of Social Services,* emphasized that a local government entity cannot be held liable under § 1983 on a *respondeat superior* basis:

> [T]herefore . . . a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government entity is responsible under § 1983.[8]

Thus, § 1983 liability attaches "only where the municipality *itself*

---

[5] *Id., citing Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

[6] *See Brooks v. George County, Mississippi,* 84 F.3d 157, 165 (5th Cir.) (explaining that a claim against a sheriff named in official capacity is suit against county), *cert. den'd,* 519 U.S. 948 (1996); *see Crane v. State of Texas,* 766 F.2d 193, 194 (5th Cir.)(finding that a district attorney in Texas acts as a county official),*reh'g denied,* 759 F.2d 412 (5th Cir.), *cert. den'd,* 474 U.S. 1020 (1985).

[7] *Monell v. New York City Dept.of Social Services*, 436 U.S. 658, 691 (1978).

[8] *Id.* at 694.

causes the constitutional violation at issue."[9] Plaintiff Perez has not provided any factual allegations whatsoever of any such policy or custom against Tarrant County, Texas. Thus, Plaintiff's claims against the defendants in an official capacity must be dismissed under 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

In order to assert a claim for damages for violation of federal constitutional rights under 42 U.S.C. § 1983, a plaintiff must set forth facts in support of the required elements of a § 1983 action: (1) that he has been deprived of a right secured by the Constitution or laws of the United States; and (2) that the defendants deprived him of such right while acting under color of law.[10] The constitutional rights of a pre-trial detainee flow from the procedural and substantive guarantees of the Fourteenth Amendment.[11] The Fourteenth Amendment protects the detainee's right to be free from punishment prior to an adjudication of guilt.[12] The applicable legal standard in the Fifth Circuit, however, depends on whether the claim challenges a 'condition of confinement' or an 'episodic act or omission.'[13] A condition-of-confinement case is a constitutional

---

[9] *City of Canton v. Harris,* 489 U.S. 378, 385 (1989) (emphasis in original).

[10] *See West v. Atkins,* 487 U.S. 42, 48 (1988)(citing cases); *Resident Council of Allen Parkway Village v. U.S. Department of Housing and Urban Development,* 980 F.2d 1043, 1050 (5th Cir.), *cert. denied,* 510 U.S. 820 (1993).

[11] *Olabisiomotosho v. City of Houston,* 185 F.3d 521, 525-26 (5th Cir. 1999).

[12] *See Bell v. Wolfish,* 441 U.S. 520, 535 n.16 (1979).

[13] *Olabisiomotosho,* 185 F.3d at 526; *see also Hare v. City of Corinth,* 74 F.3d 633, 650 (5th Cir. 1996), *appeal after subsequent remand,* 135 F.3d 320, 327 (5th Cir. 1998).

4

attack on "general conditions, practices, rules, or restrictions of pretrial confinement."[14] A claim of episodic act or omission occurs when the "complained-of harm is a particular act or omission of one of more officials."[15] As Perez's claims involve different specific events, his claims are of an episodic act or omission.

The Fifth Circuit has held that the deliberate-indifference standard normally associated with Eighth Amendment claims also applies with respect to claims of episodic act or omission by pretrial detainees.[16] Under that standard, an inmate is required to allege facts that indicate officials were deliberately indifferent to his health or safety.[17] A detainee is required to establish that the defendant official has actual subjective knowledge of a substantial risk of serious harm but responds with deliberate indifference to that risk.[18] Such a finding of deliberate indifference, though, "must rest on facts clearly evincing 'wanton' actions on the parts of the defendants."[19] This subjective deliberate-indifference standard is now equated with the standard for criminal recklessness:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of

---

[14]*Hare,* 74 F.3d at 644; *see also Scott v. Moore,* 114 F.3d 51, 53 (5th Cir. 1997)(*en banc*)(citing as examples such claims as "the number of bunks in a cell or his television or mail privileges").

[15]*Scott,* 114 F.3d at 53.

[16]*Hare*, 74 F.3d at 647-48.

[17]*Farmer v. Brennan,* 511 U.S. 825, 834 (1994).

[18]*Hare,* 74 F.3d at 643 and 650.

[19]*Johnson v. Treen,* 759 F.2d 1236, 1238 (5th Cir. 1985); *see also Wilson v. Seiter,* 501 U.S. 294, 297 (1991).

5

confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference can be drawn that a substantial risk of serious harm exists, and he must also draw the inference.[20]

In the context of Perez's claims based upon the defendants' failure to protect him from an inmate assault, he must set forth facts that the defendants were aware of a substantial risk of harm to him and disregarded it. Perez's allegations do not satisfy this standard. That the defendants were aware that a particular inmate was a convicted felon and gang member housed with pre-trial detainees, does not support an inference that they perceived a substantial risk that such inmate would attack Perez. At most, Perez's allegations might support a claim that jail officials were negligent. Allegations of negligence are not sufficient to maintain an action under 42 U.S.C. § 1983.[21] Perez's failure to protect claims must be dismissed.

Perez also alleges that he was denied adequate medical treatment and sufficient pain medication. Deliberate indifference to a prisoner's serious medical needs constitutes an Eighth Amendment violation and states a cause of action under 42 U.S.C. § 1983.[22] But the Court of Appeals for the Fifth Circuit noted the standards

---

[20]*Farmer,* 511 U.S. at 837; *see also Hare,* 74 F.3d at 648.

[21]*See, e.g., Daniels v. Williams,* 474 U.S. 327, 332 (1986) (concluding that the constitution "is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property"); *Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986)(stating that "lack of due care . . . simply does not approach the sort of abusive government conduct" which rises to the level of a constitutional violation); *Feagley v. Waddill,* 868 F.2d 1437, 1440 (5th Cir.1989)("negligence on the part of state officials does not suffice to make out any due process violation under the Fourteenth Amendment"), *citing Daniels,* 474 U.S. 327.

[22]*Estelle v. Gamble*, 429 U.S. 97, 105-07 (1976); *Jackson v. Cain*, 864 F.2d 1235, 1244 (5th Cir.1989).

6

involved in showing deliberate indifference are high:

> Deliberate indifference is an extremely high standard to meet. It is indisputable that an incorrect diagnosis by medical personnel does not suffice to state a claim for deliberate indifference. *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir.1985). Rather, the plaintiff must show that the officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." Id. Furthermore the decision whether to provide additional treatment "is a classic example of a matter for medical judgment." *Estelle*, 429 U.S. at 107. And, the "failure to alleviate a significant risk that [the official] should have perceived, but did not" is insufficient to show deliberate indifference. *Farmer*, 511 U.S. at 838.[23]

Perez alleges that Dr. Byrd and nurse Edwards continually denied and neglected his serious medical needs, but he does not state what his condition was or any specifics of the alleged inadequate treatment. He has not stated facts to support a claim of deliberate indifference to serious medical needs.

Perez also complains that he was placed in solitary confinement by Captain Pilkingon and Captain Meyer without ever violating jail rules to warrant such a punishment, which is treated as a claim that he was placed in administrative segregation without due process of law. The Fourteenth Amendment to the Constitution provides that no State shall "deprive any person of life, liberty, or property without due process of law."[24] Thus, the Court must first determine whether a property or liberty interest exists that is entitled to due-process

---

[23]*Domino v. Texas Dept. Of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001).

[24]U.S. CONST. amend. XIV § 1.

protection.[25] It is clear from Perez's allegations that he believes the defendants have infringed upon his liberty interest. But a prisoner's liberty interest is "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."[26] In *Sandin v. Connor,* the Court held that a prisoner's "discipline in segregated confinement did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest."[27] In light of *Sandin,* the Court of Appeals for the Fifth Circuit held that, "administrative segregation, without more, simply does not constitute a deprivation of a constitutionally cognizable liberty interest."[28] Controlled by these precedents, Perez's placement in administrative segregation as stated in the complaint does not rise to the level of an atypical and significant hardship. Thus, Perez's due-process claim based upon the

---

[25]*Brock v. Roadway Express, Inc.,* 481 U.S. 252, 261 (1987); *see also Augustine v. Doe,* 740 F.2d 322, 327 (5th Cir. 1984).

[26]*Sandin v. Conner,* 515 U.S. 472, 483 (1995)(citations omitted).

[27]*Id*

[28]*Luken v. Scott,* 71 F.3d 192, 193 (5th Cir. 1995)(per curiam), *cert. denied,* 517 U.S. 1196(1996); *see also Pichardo v. Kinker,* 73 F.3d 612, 613 (5th Cir. 1995)(affirming district court's dismissal as frivolous prisoner's claim that administrative segregation resulting from his classification as a gang member violated a cognizable liberty interest); *Orelana v. Kyle,* 65 F.3d 29, 31-32 (5th Cir. 1995)(noting that "it is difficult to see that any other deprivations in the prison context, short of those that clearly impinge on the duration of confinement, will hence-forth qualify for constitutional 'liberty' status"), *cert. denied,* 516 U.S.1059 (1996)(internal citations and footnote omitted).

administrative-segregation punishment has no arguable basis in law, and must be dismissed.

Perez also alleges that while he was housed in administrative segregation he was denied access to drinking water. Although Perez alleges he suffered dehydration, he acknowledges that he was provided two eight-fluid-ounce servings of juice twice a day. Also, Perez acknowledges that he had access to water in a faucet in the cell, but he alleges, without substantiation, that it was "contaminated and a bio-hazard." (Compl.§ V, attachment at 5.) As Perez was provided servings of juice, and he was not totally deprived of access to water, his allegations do not amount to deliberate indifference.

Perez also claims that, as a result of the negligence of jail officials, he fell while exiting the shower in his detention cell, because it had no curtain, slip-resistant surface or hand rail. (Compl.§ V, attachment at 4.) As noted above, however, allegations of negligence are not sufficient to maintain an action under 42 U.S.C. § 1983.[29] "Rather, a 'slip and fall case,' without more, is merely a state tort claim to be pursued in state court."[30] Thus, Perez's claims under 42 U.S.C. § 1983 arising from the fall in the shower must be dismissed.

---

[29]*See Daniels,* 474 U.S. at 328; *see Beasley v. Anderson,* 67 Fed. Appx. 242, 2003 WL 21108537, at *1 (5th Cir. 2003)([the prisoner's] claim regarding a slip and fall sounds in negligence, which is insufficient to allege a constitutional violation)(citing *Threlkeld v. Total Petroleum, Inc.*, 211 F.3d 887, 891-92 (5th Cir.2000); *Bowie v. Procunier*, 808 F.2d 1142, 1143 (5th Cir.1987).

[30]*Edwards v. Medical Staff at Graterford Prison,* No. 85-6147, 1985 WL 3738 at *1 (E.D.Pa. Nov. 12, 1985)(citing *Mitchell v. State of West Virginia,* 554 F.Supp. 1215, 1217 (N.D.W.Va. 1983).

Therefore, all Plaintiff's claims are DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915A(b)(1), and 28 U.S.C.§ 1915(e)(2)(B)(i) and (ii).

SIGNED September 10, 2008.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE