IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

REUBEN PEREZ, §
(TDCJ No.490335) §
VS. § CIVIL ACTION NO.4:07-CV-623-Y
§
§
DEE ANDERSON, Sheriff, §
Tarrant County, Texas, et al. §

## OPINION AND ORDER GRANTING DEFENDANT MEREDITH EDWARDS'S MOTION FOR SUMMARY JUDGMENT

In this case, plaintiff Ruben Perez has claims remaining against individual defendants Meredith Edwards, R.N. ("Edwards"), and Alan Byrd, M.D.[1] Defendant Edwards has now filed a motion for summary judgment along with a brief in support and an appendix. By the motion for summary judgment, Edwards asserts a qualified-immunity defense to Perez's claim that she was deliberately indifferent to his serious medical needs. Perez did not file a response to the motion for summary judgment. For the reasons set forth herein, the Court concludes that the motion for summary judgment must be granted.

*Summary-Judgment Evidence*

Edwards has filed an appendix in support of her motion for summary judgment which includes: the May 4, 2010, Affidavit of Meredith Edwards, R.N. (p. 275); the March 9, 2010, Affidavit of Judy Thomas, along with 104 pages of records of the Tarrant County

---

[1] Defendant Byrd has separately filed a motion for summary judgment. All other claims and defendants have been dismissed under authority of 28 U.S.C. §§ 1915A and 1915(e)(2)(B) or through the granting of a dispositive motion.

Hospital District (pp. 1-105); the May 3, 2010, Affidavit of Jerry Rucker, along with 168 pages of records of the Tarrant County Sheriff's Department(pp. 106-274); and the May 7, 2010, Affidavit of Alan Byrd, M.D.  Although he did not file a response or submit evidence in response to the motion for summary judgment, as Perez swore that his amended complaint was true and correct under penalty of perjury, this Court is required to consider that document as competent summary-judgment evidence.[2]

*Summary-Judgment Standard*

Summary judgment is appropriate when the record establishes "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[3] The party moving for summary judgment has the initial burden of informing the Court of the basis for his motion and producing evidence which tends to show that no genuine issue as to any material fact exists and that he is entitled to judgment as a matter of law.[4] Once the moving party has made such a showing, the non-moving party may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts showing the

---

[2] *See Nissho-Iwai American Corp. v. Kline,* 845 F.2d 1300, 1306 (5th Cir. 1989). Although Perez filed a Rule 7 reply, he did not swear to the contents of that document.

[3] FED. R. CIV. P. 56(c)(2).

[4] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986).

existence of a genuine issue for trial.[5] Whether an issue is "genuine" is a determination of whether it is "real and substantial, as opposed to merely formal, pretended, or a sham."[6] A fact is "material" if its resolution in favor of one party might affect the outcome of the action under governing law.[7] No genuine issue of material fact exists if no rational trier of fact could find for the nonmoving party based on the evidence presented.[8] The Court must consider all evidence in the light most favorable to the nonmoving party.[9]

*Analysis--Qualified Immunity*

Defendant Edwards seeks summary judgment on the basis that she is entitled to qualified immunity from Plaintiff's claim of constitutional violations. Qualified immunity protects government officials performing discretionary functions from personal liability as long as their conduct violates no clearly-established constitutional or federal statutory rights.[10] To overcome such an official's immunity from suit, a plaintiff must allege violation of

---

[5] *Id.*, at 322-23; *Anderson,* 477 U.S. at 257.

[6] *Bazan ex rel. Bazan v. Hidalgo County,* 246 F.3d 481, 489 (5th Cir. 2001)(noting that only genuine and substantial issues may subject a defendant to the burden of trial in qualified immunity context)(quoting *Wilkinson v. Powell,* 149 F.2d 335, 337 (5th Cir. 1945).

[7] *See Anderson,* 477 U.S. at 248.

[8] *See National Ass'n of Gov't Employees v. City Pub. Serv. Bd.,* 40 F.3d 698, 712-13 (5th Cir. 1994).

[9] *See Id.* at 713.

[10] *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Sorenson v. Ferrie,* 134 F.3d 325, 327 (5th Cir. 1998).

a right so apparent or so obvious that a reasonable official would understand that what he is doing violates that right.[11] In *Saucier v. Katz*,[12] the Supreme Court mandated a two-step sequence to resolve a qualified-immunity claim: first, a court determines whether the facts alleged or shown state a violation of a constitutional right; second, a court must decide whether the right was clearly established at the time of the defendant's conduct.[13] In the recent case *Pearson v. Callahan*,[14] however, the Supreme Court retreated from this sequential approach:

> while the sequence set forth [in *Saucier*] is often appropriate, it should no longer be regarded as mandatory. The judges of the district courts and the courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand.[15]

Although *Pearson* thus authorizes this Court to resolve the qualified-immunity issue through analysis under the second step, the Court concludes that it is appropriate to address and resolve the motion in this instance by analyzing the first step of the

---

[11]*See Anderson v. Creighton,* 483 U.S. 635, 640 (1987).

[12]533 U.S. 194 (2001).

[13]*Id.* at 201.

[14]129 S.Ct. 808 (2009).

[15]*Id.* at 818.

4

qualified-immunity inquiry.[16]

Perez alleges that Edwards denied and neglected his serious medical needs. As Perez was apparently a pre-trial detainee at the time of the events made the basis of this case, his rights flow from the procedural and substantive guarantees of the Fourteenth Amendment.[17] The Fourteenth Amendment protects the detainee's right to be free from punishment prior to an adjudication of guilt.[18] The applicable legal standard in the Fifth Circuit governing a pre-trial detainee's Fourteenth Amendment claim depends on whether the claim challenges a 'condition of confinement' or an 'episodic act or omission.'[19] A condition-of-confinement case is a constitutional attack on "general conditions, practices, rules, or restrictions of pretrial confinement."[20] A claim of episodic act or omission occurs when the "complained-of harm is a particular act or omission of one of more officials."[21] As Perez's claim involves specific events, it

---

[16]*See generally Pearson,* 129 S.Ct. at 821 ("Our decision does not prevent the lower courts from following the *Saucier* procedure; it simply recognizes that those courts should have the discretion to decide whether that procedure is worthwhile in particular cases.")

[17]*Olabisiomotosho v. City of Houston,* 185 F.3d 521, 525-26 (5th Cir. 1999).

[18]*See Bell v. Wolfish,* 441 U.S. 520, 535 n.16 (1979).

[19]*Olabisiomotosho,* 185 F.3d at 526; *see also Hare v. City of Corinth,* 74 F.3d 633, 650 (5th Cir. 1996), *appeal after subsequent remand,* 135 F.3d 320, 327 (5th Cir. 1998).

[20]*Hare,* 74 F.3d at 644; *see also Scott v. Moore,* 114 F.3d 51, 53 (5th Cir. 1997)(*en banc*)(citing as examples such claims as "the number of bunks in a cell or his television or mail privileges").

[21]*Scott,* 114 F.3d at 53.

5

is reviewed under the standards applicable to an episodic act or omission. The deliberate-indifference standard normally associated with Eighth Amendment claims also applies with respect to episodic-act-or-omission claims by pretrial detainees.[22] Under that standard, a detainee is required to allege facts that indicate officials were deliberately indifferent to his health or safety.[23]

In his amended complaint, Perez makes allegations about the medical care provided to him after he was involved in an assault from other inmates on August 8, 2007. He alleges that Byrd and Edwards

> continually denied and neglected Perez's serious medical needs until finally they could not deny that plaintiff Perez did indeed require medical treatment and real pain relief. Perez was never fully diagnosed and treated other than for his wrist injury. Perez was x-rayed and found to be injured and suffering, but would no longer be in Tarrant County's custody. (Amend Compl. Attachment p. 4.)

But defendant Edwards has provided proof that she was not involved in the medical care provided to plaintiff Perez. Edwards's affidavit shows that she did not treat Perez while he was incarcerated in the Tarrant County jail, was not responsible for Perez's medical care, and was not aware of his medical needs. (Edwards Affidavit at 275.) Furthermore, a review of the records of the Tarrant County Hospital District for the medical care provided

---

[22]*Hare*, 74 F.3d at 647-48.

[23]*Farmer v. Brennan,* 511 U.S. 825, 834 (1994).

to Perez while in the Tarrant County jail shows that Edwards was not involved in Perez's medical care, as Edwards's name does not appear as a provider in these records. (pp. 2-105.) Edwards's affidavit also shows that her only involvement with Perez was her review of the care provided to Perez on behalf of the sheriff in response to Perez's grievances concerning his medical care, and transmitting a doctor's order for Perez to have a bottom bunk assignment.(Edwards Affidavit p. 276.) The records of the sheriff's department confirm Edwards's role in preparing a response to grievances filed on September 25 and October 3, 2007. (pp 108, 111.) The sheriff's department records of the grievances filed by Perez otherwise show that he never complained of Edwards in any of his grievances. (pp. 107-274.)

Perez has not responded to the motion for summary judgment of Edwards and has not supplied any evidence to rebut the evidence that she was not involved in the medical care provided to Perez while he was housed in the jail. But as noted above, once Edwards brought forth the evidence of her lack of involvement, in order to establish a genuine issue of material fact, non-moving-party Perez must "go beyond the pleadings, and by affidavits or other competent summary judgment evidence cite 'specific facts' that show there is a genuine issue for trial."[24] Perez cannot defeat summary judgment

---

[24] *See Bustos v. Martini Club Inc.,* 599 F.3d 458, 468 (5th Cir. 2010)(quoting *Celotex,* 477 U.S. at 324)).

"with conclusory allegations, unsubstantiated assertions or 'only a scintilla of evidence.'"[25] As Perez has not responded to Edwards's motion for summary judgment, he has not met his burden to show that Edwards is not entitled to qualified immunity.[26]

In sum, the undisputed competent summary judgment evidence reveals that plaintiff Perez was not subjected to deliberate indifference to his serous medical needs from defendant Edwards. Defendant Edwards is entitled to summary judgment based on qualified immunity because plaintiff Perez has not satisfied the first element of the qualified-immunity analysis.

*ORDER*

Therefore, Edwards's May 7, 2010, motion for summary judgment (doc. 59) is GRANTED. Plaintiff shall take nothing on his claims against defendant Meredith Edwards, and such claims are DISMISSED WITH PREJUDICE.

SIGNED September 30, 2010.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[25]*See Hathaway v. Bazany,* 507 F.3d 312, 319 (5th Cir. 2007)(internal citations omitted).

[26]*See generally Id.,* (noting that once a movant comes forward with the qualified immunity defense, the evidentiary burden is on the non-movant plaintiff to show that defendants are not entitled to qualified immunity.)

8